UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R4U VENTURES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-3171-B |
| | § | |
| HOVIK GROZIAN, TOM AYER, 1HA1 | § | |
| PROPERTIES, LLC, and 3 TRIAD | § | |
| PROPERTIES, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff R4U Ventures, LLC ("Plaintiff")'s Motion for Fees/Sanctions (Doc. 9). The Court held a hearing on the motion on March 25, 2022. After hearing from both sides, the Court **GRANTED** the motion and awarded Plaintiff $15,602.50 in fees. This Order further explains the Court's reasoning.

## I.

## BACKGROUND

On December 20, 2021, Defendants Tom Ayer and Hovik Grozian ("Defendants")[1] removed this case from state court. *See* Doc. 1, Not. Removal. In their Notice of Removal, Defendants argued that removal was proper because the Court had federal-question jurisdiction over the parties' dispute given a federal cause of action outlined in their counterclaim.[2] *Id.* Two days later, seeking clarity

---

[1] There are two other defendants in this case, 1HA1 Properties, LLC, and 3 Triad Properties, LLC. *See* Doc. 1, Not. Removal, 15 (Plaintiff's Amended Petition). Because Plaintiff seeks fees against Ayer and Grozian only, the Court proceeds by using the term "Defendants" to mean only Ayer and Grozian.

[2] The counterclaim brought by Defendants in this case substantially resembles affirmative claims brought by Defendants against Plaintiff (and others) in a separate lawsuit filed in a federal district court in California. *Compare* Doc. 3, Countercl., *with* Complaint, *Ayer v. White*, No. 21-cv-8773 (C.D. Cal. Nov. 8,

regarding their claims to federal-question jurisdiction, the Court *sua sponte* ordered Defendants to show cause why the case should not be remanded for lack of subject-matter jurisdiction. *See* Doc. 5, Order to Show Cause, 4. On Defendants' final day to respond, the parties filed a joint stipulation agreeing to remand the case. Doc. 6, Joint Stip. The parties' stipulation was made "without prejudice to the rights, claims, defenses[,] and arguments of all parties," *id.*, because Plaintiff intended to seek fees/sanctions. *See* Doc. 9-1, Pl.'s App'x, 70–75. In light of the stipulation, the Court remanded the case to state court on January 10, 2022. Doc. 7, Remand Order.

On February 3, 2022, Plaintiff filed the instant motion seeking attorneys' fees under 28 U.S.C. § 1447(c) and requesting that the Court sanction Defendants under Rule 11, the Court's inherent authority, or 28 U.S.C. § 1927. *See* Doc. 9, Pl.'s Mot.[3] Each party was given the opportunity

---

2021). Defendants' claims in California federal court were dismissed for lack of personal jurisdiction on March 4, 2022. *See Ayer v. White*, 2022 WL 657502, at *1 (C.D. Cal. Mar. 4, 2022). However, the Court notes that Defendants' claims in California were still pending when they filed the counterclaim in the instant suit. *See id.*; Doc. 3, Countercl. (filed Dec. 20, 2021). In other words, Defendants appear to have knowingly duplicated the claims brought in the California lawsuit.

[3] After the Court remanded this case to state court, Defendants filed a separate lawsuit against Plaintiff and others in the Northern District of Texas. *See* Complaint, *Ayer v. White*, 22-cv-0458 (N.D. Tex. Feb. 25, 2022). This lawsuit alleges substantially similar claims to those described in Defendants' counterclaim in this suit and Defendants' affirmative claim in California. *Compare id.*, *with* Doc. 3, Countercl., *and* Complaint, *Ayer v. White*, 21-cv-8773 (C.D. Cal. Nov. 8, 2021). Plaintiff's claims in California federal court were still pending when they filed their new lawsuit in the Northern District of Texas. *See Ayer v. White*, 3:22-cv-0458 (N.D. Tex. filed February 25, 2022); *Ayer v. White*, 2022 WL 657502, at *1 (C.D. Cal. Mar. 4, 2022). Thus, it appears that Defendants have *twice* knowingly filed duplicative claims in the Northern District of Texas.

to submit briefing and provide oral argument at the motion hearing.[4] At the conclusion of the hearing, the Court granted Plaintiff's motion for attorneys' fees pursuant to § 1447(c).[5]

## II.

## LEGAL STANDARD

When a district court remands a case, it has the discretion to award attorneys' fees under 28 U.S.C. § 1447(c) if "the removing party lacked an objectively reasonable basis for seeking removal."[6] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). In making this determination, the court should consider "the objective merits of removal at the time of removal" notwithstanding the fact that remand was eventually granted. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). If the court finds that removal was objectively unreasonable, the "costs of opposing removal, seeking remand, or other expenses incurred as the result of the improper removal may be awarded, but not ordinary litigation expenses that would have been incurred had the action remained in state

---

[4] The Court has been extraordinarily gracious in ensuring that Defendants had ample opportunity to be heard on this motion. On February 4, 2022, the Court directed Defendants to file a response to Plaintiff's motion by February 25, 2022. *See* Doc. 12, Elec. Order. After Defendants missed this deadline, the Court granted Defendants' request to continue the motion hearing because Defendants' counsel had a preplanned vacation. *See* Doc. 17, Elec. Order Granting Continuance. Then, on March 10, 2022, after multiple failed attempts to comply with the Local Rules, Defendants moved for an extension of time to respond to Plaintiff's motion, which the Court granted. *See* Doc. 18, 1st Mot. Ext. Time; Doc. 19, Not. Deficiency; Doc. 20, 2d Mot. Ext. Time; Doc. 21, Elec. Order; Doc. 22, 3d Mot. Ext. Time; Doc. 24, Elec. Order Granting Ext. Time. Defendants then proceeded to file a three-page response devoid of any citation to caselaw. *See* Doc. 25, Defs.' Resp. Finally, the Court delayed the hearing on the motion because Defendants' counsel was over half an hour late.

[5] While the Court does not, at this time, consider whether sanctions are appropriate under Rule 11, its inherent authority, or 28 U.S.C. § 1927, the Court emphasizes that Defendants' conduct described *supra* notes 2–4, i.e, filing apparently duplicative claims, missing Court-ordered deadlines, and failing to conduct even cursory amounts of legal research before filing documents, will not be tolerated moving forward.

[6] "[A] district court is not divested of jurisdiction to award attorney[s'] fees and costs pursuant to § 1447(c) after a remand has been certified." *Coward v. AC&S, Inc.*, 91 F. App'x 919, 922 (5th Cir. 2004); *see also Montgomery-Bey v. S. Methodist Univ.*, 2021 WL 4527257, at *1 (N.D. Tex. Sept. 8, 2021), *report & recommendation adopted by* 2021 WL 4521141 (N.D. Tex. Oct. 4, 2021).

[court] because such expenses are not incurred 'as a result of removal.'" *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 439 (5th Cir. 2014) (quoting 28 U.S.C. § 1447(c)); *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

"Courts in the Fifth Circuit apply a two-step method to determine whether . . . costs and fees incurred as a result of removal are reasonable." *Faizy v. Mesghali*, 2017 WL 6313942, at *1 (N.D. Tex. Dec. 8, 2017) (citing *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016)). First, courts "calculate the lodestar, 'which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.' In calculating the lodestar, '[courts] should exclude all time that is excessive, duplicative, or inadequately documented.'" *Combs*, 829 F.3d at 392 (quoting *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379–80 (5th Cir. 2010)). Second, courts evaluate the fees sought using the twelve *Johnson* factors.[7] *Id.*; *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Because the lodestar is presumed reasonable, adjustments should be made only "in those rare circumstances in which the lodestar does not adequately take into account" one of the *Johnson* factors. *Combs*, 829 F.3d at 393 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)).

---

[7] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717–19.

# III.

# ANALYSIS

A.    *Defendants' Removal Was Objectively Unreasonable*

In their Notice of Removal, Defendants claimed that the Court had federal-question jurisdiction over this case because one of their counterclaims was brought under the Racketeer Influenced and Corrupt Organizations Act (the "RICO counterclaim"). *See* Doc. 1, Not. Removal, ¶¶ 1–2. As explained below, this theory of removal was objectively unreasonable.

While federal-question jurisdiction can be a justification for removal, *see* 28 U.S.C. §§ 1331, 1441(a), its existence is governed by the well-pleaded complaint rule, which provides that a federal question "exists when a 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)). Thus, to remove a case based on federal-question jurisdiction, "the federal question must be presented by [the] *plaintiff's* complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326–27 (5th Cir. 1998) (emphasis added) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)); *see, e.g., Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 697 (5th Cir. 2017) ("In short, . . . *Vaden* extinguished any possibility that a counterclaim can establish federal question jurisdiction.").

In the present case, Defendants have not explained why their removal satisfied the well-pleaded complaint rule or why the well-pleaded complaint rule did not apply to their removal. *See* Doc. 1, Not. Removal; Doc. 25, Defs.' Resp. At most, Defendants argue that their RICO counterclaim touched on "a matter of unique federal interest." Doc. 1, Not. Removal, ¶ 1. But they have not explained why this makes their removal objectively reasonable. *See id.*; Doc. 25, Defs.' Resp. To the extent Defendants intended to argue that federal courts have exclusive jurisdiction over civil RICO claims, they are incorrect. *See Tafflin v. Levitt*, 493 U.S. 455, 467 (1990) ("[S]tate courts have concurrent jurisdiction to consider civil claims arising under RICO. Nothing in the language, structure, legislative history, or underlying policies of RICO suggests that Congress intended otherwise."). And even if federal courts did have exclusive jurisdiction over civil RICO claims, this would still not permit Defendants to remove on the basis of a counterclaim.[8] *See Vaden*, 556 U.S. at 61–62 ("A *complaint* purporting to rest on state law . . . can be recharacterized as one 'arising under' federal law if the law governing the complaint is exclusively federal. . . . A state-law-based *counterclaim*, however, even if similarly susceptible to recharacterization, would remain nonremovable."). As such, Defendants' removal lacked an objectively reasonable basis and Plaintiff is therefore entitled to its attorneys' fees under § 1447(c). *Cf. B&S Welding LLC Work Related Inj. Plan v. Oliva-Barron*, 2011 WL 93064, at *3–4 (N.D. Tex. Jan. 10, 2011) (awarding a plaintiff fees under § 1447(c) where the defendant wrongfully removed a case based on a federal counterclaim).

---

[8] Additionally, the Court notes that Defendants' counterclaim was filed in federal court along with their Notice of Removal. *See* Doc. 1, Not. Removal; Doc. 3, Countercl. So, even if Defendants' theory of removal had any merit—and it does not—their removal would still run contrary to the well-established principle that removal jurisdiction is evaluated by reference to the claims in state court as they existed "at the time of removal." *Wingate v. Air Prods. Inc.*, 166 F. App'x 98, 100 (5th Cir. 2006); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

B.    *Plaintiff is Entitled to All its Requested Fees*

Having determined that Plaintiff is entitled to its fees under § 1447(c), the Court now considers the extent to which Plaintiff's claimed fees are recoverable. Plaintiff seeks a total of $15,602.50 in expenses and provides an affidavit of its attorney, J. Scott Dilbeck, in support. *See* Doc. 9, Pl.'s Mot., 5; Doc. 9-1, Dilbeck Decl.

1.    Reasonable Hourly Rate

Plaintiff requests an hourly rate of $200 per attorney hour and $75 per paralegal hour. *See* Doc. 9-1, Dilbeck Decl., ¶¶ 18, 20. Because Defendants do not dispute these rates, and because the Court finds them objectively reasonable, the Court accepts Plaintiff's hourly rates as the "prevailing hourly rate in the community for similar work." *Combs*, 829 F.3d at 392.

2.    Reasonable Number of Hours

Plaintiff avers that it spent 60.35 attorney hours and 7.10 paralegal hours "research[ing] and draft[ing] a Motion to Dismiss pursuant to both [Federal Rule of Civil Procedure] 12(b)(1) and 12(b)(6) . . . [and] a Motion to Remand," and 15 attorney hours drafting, researching, and arguing its fee motion. *See* Doc. 9, Pl.'s Mot., 5; Doc. 9-1, Dilbeck Decl., ¶¶ 18, 20. To begin, the Court finds that Plaintiff's requested fees are properly recoverable under § 1447(c), which allows Plaintiff's to recover "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *De Jongh*, 555 F. App'x at 439 (quoting *Avitts*, 111 F.3d at 32). Plaintiff's fees incurred in drafting a motion to remand, drafting the Rule 12(b)(1) portion of a motion to dismiss, and pursuing its fees are recoverable under § 1447(c) because they "would not have been incurred had the case remained in state court." *See id.*; 28 U.S.C. § 1447(c).

Whether Plaintiff may recover its fees incurred drafting the Rule 12(b)(6) portion of its motion to dismiss is, at least in the abstract, a closer call. Generally, a plaintiff may not recover fees incurred responding to a counterclaim where the issues presented "are not particular to federal court" and would arise in state court as well. *See Faizy*, 2017 WL 6313942, at *2. But here, the Rule 12(b)(6) portion of Plaintiff's motion to dismiss was developed in the context of the instant litigation presumably as an alternative to Plaintiff's 12(b)(1) argument and its related motion to remand. Moreover, Defendants have demonstrated their disinterest in pursuing these claims in state court by repeatedly filing these claims in federal court. *See* Complaint, *Ayer v. White*, No. 21-cv-8773 (C.D. Cal. Nov. 8, 2021); Doc. 3, Countercl.; Complaint, *Ayer v. White*, No. 22-cv-0458 (N.D. Tex. Feb. 25, 2022). And while there remains some possibility that elements of Plaintiff's 12(b)(6) argument could be used in Defendants' separate federal lawsuit, Defendants have not cited any caselaw suggesting that separate litigation can preclude a fee award under § 1447(c). *See* Doc. 25, Defs.' Resp. As such, the Court finds that Plaintiff's fees incurred in drafting the 12(b)(6) are recoverable under § 1447(c). *See id.*; *cf. Jiwani v. United Cellular, Inc.*, 2014 U.S. Dist. LEXIS 138975, at *16–17 (N.D. Tex. Sept. 29, 2014) (awarding a party fees under § 1447(c) for costs incurred in drafting a motion to dismiss), *report & recommendation adopted by* 2014 U.S. Dist. LEXIS 150290 (N.D. Tex. Oct. 22, 2014); *Am. Airlines, Inc. v. Sabre, Inc.*, 2011 WL 3468418, at *7 (N.D. Tex. Aug. 4, 2011) (awarding a plaintiff fees under § 1447(c) including those incurred preparing a motion to dismiss a counterclaim).

Notwithstanding the fact that Plaintiff's fees are recoverable, Defendants challenge Plaintiff's fee request as being excessive in light of the Court's Order to Show Cause. Doc. 25, Defs.' Resp., ¶ 7. According to Defendants, "[v]ery little, if any, legal work was required on the part of Plaintiff"

because Defendants offered to stipulate to remand upon receipt of the Court's Order to Show Cause. *Id.* But this argument ignores the timeline of events. Since Defendants filed their counterclaim on December 20, 2021, Plaintiff's deadline to respond was on January 10, 2022. Doc. 3, Countercl.; Fed. R. Civ. P. 12(a)(1)(B). The Court issued its Order to Show Cause on December 22, 2021, Doc. 5, Order Show Cause, and while it is true that Defendants offered to stipulate to remand within the window of time permitted by the Court, they did not do so until January 7, 2022—the Friday before Plaintiff's deadline to respond to the counterclaim. *See* Doc. 9-1, Pl.'s App'x, 70–75. So, although Plaintiff had some notice that the Court questioned Defendants' claim to subject-matter jurisdiction, Plaintiff's attorneys prudently operated on the assumption that the Court would not remand the case *sua sponte*.[9] Under these circumstances, the Court finds that Plaintiff's time spent researching and drafting a motion to remand and motion to dismiss was reasonable. Further, because Defendants do not dispute Plaintiff's hours claimed for work related to seeking fees, *see* Doc. 25, Defs.' Resp., the Court finds them reasonable as well. Therefore, the Court calculates the lodestar to be $15,602.50, representing 75.35 attorney hours and 7.10 paralegal hours.

### 3.   The *Johnson* Factors Do Not Warrant an Adjustment of the Lodestar

Defendants do not argue that the *Johnson* factors warrant a reduction in fees. Having reviewed the *Johnson* factors, the Court finds no reason to adjust Plaintiff's fee award. *See Combs*, 829

---

[9] Although Plaintiff might have sought a stay of proceedings pending the Court's *sua sponte* determination of subject-matter jurisdiction, the Court does not find that this fact, standing alone, precludes them from recovering their fees. Plaintiff's fees are recoverable to the extent that they were "incurred as a result of the removal" and are reasonable under the traditional lodestar analysis. *See* 28 U.S.C. § 1447(c); *Faizy*, 2017 WL 6313942, at *1. So while Plaintiff might have been able to avoid incurring additional expenses by moving for a stay, the Court cannot say that their failure to do so renders their expenses unreasonable. Forcing Plaintiff to seek a stay of proceedings in this case would shift to Plaintiff the burden of bearing reasonable expenses incurred as a result of Defendants' unreasonable removal. *See generally Martin*, 546 U.S. at 140 (noting that § 1447(c)'s purpose is "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party").

F.3d at 392 (noting that the lodestar is presumed to be reasonable). Accordingly, the Court awards Plaintiff the lodestar—$15,602.50.

## IV.

## CONCLUSION

For the reasons above, and as stated on the record at the March 25, 2022 hearing, Plaintiff's Motion for Fees/Sanctions (Doc. 9) is **GRANTED**. The Court awards Plaintiff R4U Ventures, LLC $15,602.50 in attorneys' fees under 28 U.S.C. § 1447(c).

**SO ORDERED**.

**SIGNED: April 6, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE